**KOPPERS CO. OF DELAWARE et al. v. KOPPERS FUEL SERVICE CORPORATION et al.**

No. 7863.

District Court, E. D. New York.

Jan. 17, 1936.

Lord, Day & Lord, of New York City (James S. Hemingway, of New York City, of counsel), for complainants.

Israel Grossman, of New York City, for defendants.

BYERS, District Judge.

Motion for a preliminary injunction in an unfair competition case.

The affidavits of the individual defendants Siegler and Haber filed in opposition to the motion are confined to assertions that the defendant corporation Koppers Fuel Service Corporation is engaged in selling certified coke, as well as coal; that its circular does not say that it is selling "Koppers Coke." (As to this, the clear implication is thought to be otherwise.)

It is not denied as alleged in the bill, that on or about December 26, 1935, three persons by the name of Cohen, apparently acting for Siegler, were the incorporators named in the certificate of incorporation of the corporate defendant. Siegler deposes that he formed the corporation; with reference to the name chosen, he says that "Koppers" has been used in conjunction with the coal business in states other than New York, and he refers to Koppers Coal Company, Inc.

For that reason apparently he "felt that the name 'Koppers Fuel Service Corporation' would be an appropriate name * * *."

The replying affidavit states that Koppers Coal Company, Inc. is affiliated with the plaintiffs through stock ownership and is one of the "Kopper System"; and that it is duly authorized to do business in the State of New York, and has been since July 6, 1929.

The impression produced upon this court, by the defendants' affidavits and the circular in question, is that the corporate defendant was organized and has been conducted in an effort to beguile consumers into believing that it is selling the complainants' product, Koppers Coke, at less than the prevailing market price.

The complainants' showing as to their long established enterprise, the recognized status, in the commercial sense, of their principal product, Koppers Coke, and the causes which have contributed to the conditions so portrayed, are not denied in the opposing affidavits, and are therefore deemed to have been admitted.

Under these circumstances the complainants are entitled to the protection of a temporary injunction.

The authorities cited by complainants: Standard Oil Co. v. Standard Oil Co. (C. C.A.) 45 F.(2d) 309; Macy & Co. v. Macy, Inc. (D.C.) 39 F.(2d) 186. and Standard Oil Co. v. Standard Oil Co. (C.C.A.) 56 F.(2d) 973, amply justify granting the relief sought.

A temporary injunction will be granted to the complainants as prayed, upon their filing the customary bond, in the sum of $500.00.

Settle order on 2 days' notice.